UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
JOEL INGBER and DORIS INGBER,

                        Plaintiffs,

        -against-                  MEMORANDUM & ORDER
                                     13-CV-1207(JS)(WDW)

BARRY TRUFFLEMAN and ARLENE
TRUFFLEMAN,

                        Defendants.
---------------------------------------X
APPEARANCES
For Plaintiffs:        Stephen R. Krawitz, Esq.
                   Stephen R. Krawitz, LLC
                   271 Madison Avenue, Suite 200
                   New York, NY 10016

For Defendants:       Aaron H. Marks, Esq.
                   Marissa Ellen Teicher, Esq.
                   Kasowitz, Benson, Torres & Friedman, LLP
                   1633 Broadway
                   New York, NY 10019

SEYBERT, District Judge:

           Plaintiffs Dr. Joel Ingber ("Dr. Ingber") and Doris Ingber ("Mrs. Ingber," and together with Dr. Ingber, "Plaintiffs") commenced this action on March 8, 2013 against Defendants Dr. Barry Truffelman ("Dr. Truffelman") and Arlene Truffelman ("Mrs. Truffelman," and together with Dr. Truffelman, "Defendants"), seeking damages arising out of an alleged breach of contract. Mrs. Truffelman now moves this Court to dismiss Plaintiffs' action against her pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which

relief can be granted.   For the following reasons, Mrs. Truffelman's motion is DENIED.

BACKGROUND[1]

Dr. Joel Ingber, Dr. David Ingber, Dr. Barry Truffelman, and Dr. Howard Kudler were partners in a New York dental practice.  (Defs. Br. to Dismiss, Docket Entry 11, at 2). In 2008, Dr. Kudler commenced an arbitration action against the other partners in New York State Supreme Court, New York County (the "Kudler Action[2]").  (Compl. ¶ 8.)  In December 2009, Dr. Joel Ingber, Dr. David Ingber, and Dr. Truffelman entered into a settlement agreement (the "Settlement Agreement") which included a provision that all parties to the Settlement Agreement would be equally responsible for any liability arising out of the Kudler Action.  (Compl. ¶¶ 6-7.)  Ultimately, a Decision, Order, and Judgment confirming an award arising out of the Kudler Action was entered in Supreme Court, New York County against Dr. Joel Ingber, Dr. David Ingber, and Dr. Truffelman (the "Kudler Judgment").  (Compl. ¶ 9.)[3]

---

[1] The following facts are taken from Plaintiffs' Complaint and are presumed to be true for the purposes of this Memorandum and Order.

[2] See Kudler v. Truffelman, Ingber, & Ingber, Case No. 13 18002148 05.

[3] Kudler v. Truffelman, Ingber, & Ingber, Index No. 600237/08, Sup. Ct. N.Y. Cnty. (February 8, 2010).

Plaintiffs allege that they paid the Kudler Judgment in full, including Dr. Truffelman's share, but that they have not been reimbursed despite their written demands. (Compl. ¶¶ 10-11.) As such, Plaintiffs assert that Defendants are in breach of the Settlement Agreement. In addition, Plaintiffs allege that Defendants took steps to avoid their obligations under the Settlement Agreement by transferring assets in anticipation of an adverse outcome in the Kudler Action. (Compl. ¶¶ 12-13). In particular, Plaintiffs allege that Defendants "transferred and secreted assets which would have been available to satisfy the Kudler [J]udgment" and that Mrs. Truffelman has been holding assets in constructive trust on behalf of Dr. Truffelman and Plaintiffs. (Compl. ¶¶ 12, 20.)

## DISCUSSION

The Court will first address the applicable legal standard on a motion to dismiss before turning to the merits of Mrs. Truffelman's motion.

## I. Standard of Review

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is

"inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). This has been interpreted broadly to include any document attached to the Complaint, any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

II. Motion to Dismiss

Mrs. Truffelman moves to dismiss Plaintiffs' Complaint against her for failure to state a claim. Plaintiffs contend that Mrs. Truffelman is a proper defendant in this action

because she is holding assets in "constructive trust" for Dr. Truffleman and Plaintiffs. (Compl. ¶ 20.) Specifically, they assert that Dr. Truffleman transferred assets to Mrs. Truffleman in order to avoid paying the Kudler Judgment. (Compl. ¶ 12.) The Court agrees with Plaintiffs that they have stated a claim against Mrs. Truffleman sufficient to overcome her motion to dismiss.

Initially, the Court notes that Mrs. Truffleman does not raise any particular arguments regarding the imposition of a constructive trust. Rather, her moving brief argues that Plaintiffs' only claim is for breach of contract and later, in her reply brief, argues that Plaintiffs have not sufficiently alleged fraudulent conveyance. Mrs. Truffleman certainly is correct that she was not a signatory to the Settlement Agreement (see Compl. Ex. A), and therefore is not in privity of contract with Plaintiffs nor liable under the Settlement Agreement. See Pereira v. Ocwen Loan Servicing, LLC, No. 11-CV-2672, 2012 WL 1381193, at * 3 (E.D.N.Y. Apr. 18, 2012) (In New York, it is well-settled that a plaintiff "'may not assert a cause of action to recover damages for breach of contract against a party with whom it is not in privity.'" (quoting Yucyco, Ltd. v. Republic of Slovenia, 984 F. Supp. 209, 215 (S.D.N.Y. 1997))). In addition, Plaintiffs' only mention of fraudulent conveyance is in their opposition brief. However, Plaintiffs cannot amend

their Complaint through claims raised solely in a brief.  See In re Sanofi-Aventis Sec. Litig., 774 F. Supp. 2d 549, 562 (S.D.N.Y. 2011); see also Fadem v. Ford Motor Co., 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005), aff'd 157 F. App'x 398 (2d Cir. 2005) ("It is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs.").

Neither of those arguments, however, addresses whether Plaintiffs have sufficiently alleged a claim of constructive trust against Mrs. Truffleman.  Assuming, arguendo, that Mrs. Truffleman intends to assert that the existence of a valid and binding contract--i.e., the Settlement Agreement--precludes a constructive trust claim, such an argument fails.

"New York law requires that a person establish four elements before a court will impose a constructive trust: (1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer of the subject res made in reliance on that promise; and (4) unjust enrichment."  United States v. Coluccio, 51 F.3d 337, 340 (2d Cir. 1995); accord Superintendent of Ins. v. Ochs (In re First Cent. Fin. Corp.), 377 F.3d 209, 212 (2d Cir. 2004); Fairfield Fin. Mortg. Grop., Inc. v. Luca, 584 F. Supp. 2d 479, 485-86 (E.D.N.Y. 2008).  "Although these factors provide important guideposts, the constructive trust doctrine is equitable in nature and should not be 'rigidly

limited,'" <u>Koreag, Controle et Revision S.A. v. Refco F/X Assocs., Inc. (In re Koreag)</u>, 961 F.2d 341, 352 (2d Cir. 1992) (quoting <u>Simonds v. Simonds</u>, 45 N.Y.2d 233, 241, 408 N.Y.S.2d 359, 363, 380 N.E.2d 189, 194 (1978)); <u>see also</u> <u>Thaler v. Adler (In re Adler)</u>, 372 B.R. 572, 579 (Bankr. E.D.N.Y. 2007) (stating that "the four elements of [constructive trust] are not conclusive" (alteration in original) (internal quotation marks and citation omitted)); <u>Cruz v. McAneney</u>, 31 A.D.3d 54, 59, 816 N.Y.S.2d 486, 490 (2d Dep't 2006) (stating that the "factors should be applied flexibly"), and "the absence of any one factor will not itself defeat the imposition of a constructive trust when otherwise required by equity," <u>In re Koreag</u>, 961 F.2d at 353.

Thus, neither the absence of any allegations regarding a fiduciary relationship between Plaintiffs and Mrs. Truffleman nor failure to plead a promise and reliance are fatal to Plaintiffs' claim. <u>See</u> <u>State Farm Mut. Auto. Ins. Co. v. Cohan</u>, No. 12-CV-1956(JS)(GRB), 2013 WL 4500730, at *4 (E.D.N.Y. Aug. 20, 2013) (collecting cases). Rather, the Court here focuses on the element of unjust enrichment. <u>See</u> <u>In re First Cent. Fin. Corp.</u>, 377 F.3d at 212 (stating that the "fourth element [of a constructive trust claim] is the most important since 'the purpose of the constructive trust is prevention of unjust

enrichment'" (quoting Simonds, 45 N.Y.2d at 242, 408 N.Y.S.2d at 364, 380 N.E.2d at 194)).

While it is true that "[i]n some circumstances, a valid written agreement may preclude a claim for unjust enrichment even against a non-party to that agreement," Hughes v. BCI Int'l Holdings, Inc., 452 F. Supp. 2d 290, 304 (S.D.N.Y. 2006), the existence of an agreement does not necessarily "bar[] the imposition of a constructive trust," Reale v. Reale, 485 F. Supp. 2d 247, 253 (W.D.N.Y. 2007). This is particularly so where the agreement does not govern the relationship between the plaintiff and the party against whom the plaintiff seeks to impose a constructive trust. See Hughes, 452 F. Supp. 2d at 309 ("[S]ince plaintiffs had no enforceable agreement with any of the Cunningham Defendants . . . plaintiffs' constructive trust claim is not barred."); Reale, 485 F. Supp. 2d at 253 ("This line of reasoning is inapplicable in the case at bar because there is no evidence of a written agreement that governs the conduct of plaintiffs vis-à-vis defendants." (emphasis in original)); see also DLJ Mortg. Capital, Inc. v. Kontogiannis, No. 08-CV-4607, 2009 WL 1652253, at *4 (E.D.N.Y. June 4, 2009) (separately analyzing constructive trust claim against defendant with which plaintiff had a contract and other defendants).

Here, Plaintiffs have at least arguably alleged that Mrs. Truffleman secreted assets during the Kudler Action and

that, as such, a breach of contract claim against Dr. Truffleman may not provide an effective legal remedy.[4]  Accordingly, Mrs. Truffleman's motion is DENIED.

CONCLUSION

For the foregoing reasons, Mrs. Truffelman's motion to dismiss the Complaint as against her is DENIED.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.


Dated:     October __22__, 2013
           Central Islip, NY

---

[4] Mrs. Truffleman has also argued that a constructive trust claim against her is premature because Plaintiffs have not shown that Dr. Truffleman is judgment proof.  (Defs. Br. to Dismiss at 2.) However, "[a]t the pleading stage, [p]laintiff is not required to guess whether it will be successful on its contract, tort, or quasi-contract claims." St. John's Univ., N.Y., 757 F. Supp. 2d 144, 183 (E.D.N.Y. 2010).